## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### FEBRUARY SESSION, 1998

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9703-CC-00115** |
| | ) | |
| Appellee, | ) | |
| | ) | **GIBSON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON.  DICK JERMAN, JR.  JUDGE** |
| **LATAVIS DIRAY BAILEY,** | ) | |
| | ) | |
| Appellant. | ) | **(SECOND DEGREE MURDER)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHN E.  HERBISON**                    **JOHN KNOX WALKUP**
2016 Eighth Avenue South          Attorney General & Reporter
Nashville, TN  37204

                                        **KENNETH W.  RUCKER**
**TOM CRIDER**                           Assistant Attorney General
District Public Defender             2nd Floor, Cordell Hull Building
107 South Court Square            425 Fifth Avenue North
Trenton, TN  38382                 Nashville, TN  37243

                                        **CLAYBURN PEEPLES**
                                        District Attorney General

                                        **TED NEUMANN**
                                        Assistant District Attorney General

                                        **LARRY HARDISTER**
                                        Assistant District Attorney General

                                        **GARRY BROWN**
                                        Assistant District Attorney General
                                        110 College Street, Suite 200
                                        Trenton, TN  38382

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Latavis Diray Bailey, appeals as of right from his conviction and sentencing in the Criminal Court of Gibson County. Defendant was convicted of second degree murder and was sentenced to serve twenty-five (25) years in the Tennessee Department of Correction as a Range I Offender. On appeal, the Defendant contends the trial court's instruction to the jury on "flight" from the scene of the shooting was error and argues the sentence imposed was excessive. We affirm the judgment of the trial court.

While the sufficiency of the evidence is not in question, a brief review of the facts is helpful for our analysis. On July 22, 1995, the Defendant and the victim, Tim Jennings, attended a birthday party for Panicia Williams. The party was held at the home of Kalesia Sowell. When the party got too loud, Panicia asked her guests to leave, and it took her several attempts to actually get all of the parties outside of the house and headed toward the street. Defendant and Panicia got into an argument, cursing at each other, while walking down the driveway towards the street.

The facts are in dispute as to the following events leading up to the shooting. Witnesses to the event testified that Panicia and Defendant began to fight, with Defendant knocking Panicia to the ground. When Panicia's friends intervened, Panicia stated that she returned to the house. Defendant was knocked to the ground by a blow from a heavy flashlight and was then kicked repeatedly. Defendant testified that he was in fear for his life. The victim was standing in the driveway behind his car watching the fight. According to several witnesses, Defendant rose from the ground and walked over to the victim, put a gun to the

victim's chest and then shot him. The Defendant testified that he rose from the ground in self-defense and shot into the crowd to protect himself. Defendant then kicked the victim, dropped the gun and stood above the body. Defendant's brother grabbed the Defendant and picked up the gun from the ground, and the two ran down the street. Defendant's brother testified that he later disposed of the gun himself.

JURY INSTRUCTION

Defendant argues that the trial court's instruction to the jury on the evidence of guilt from Defendant's flight from the scene constitutes plain and prejudicial error. The trial court instructed the jury that they could infer guilt from the flight of an accused person. The instruction was as follows:

> The flight of a person accused of a crime is a circumstance which, when considered with all of the facts of the case, may justify inference of guilt. Flight is the voluntary withdrawal of oneself for the purpose of evading arrest or prosecution of the crime charged. Whether the evidence presented proves beyond a reasonable doubt that the defendant fled is a question for your determination.

> The law makes no precise distinction as to the manner or method of flight; it may be open, or it may be a concealment within the jurisdiction. However, it takes both a leaving the scene of the difficulty and a subsequent hiding out, evasion, or concealment in the community, or the leaving of the community for parts unknown, to constitute flight.

> If flight is proved, the fact of flight alone does not allow you to find that the defendant is guilty of the crimes alleged. However, since flight by a defendant may be caused by a consciousness of guilt, you may consider the fact of flight, if flight is so proven, together with all of the other evidence when you decide the guilt or innocence of the defendant. On the other hand, an entirely innocent person may take flight and such flight may be explained by proof offered, or by the facts and circumstances of the case.

> Whether there was flight by the defendant, the reasons for it, and the weight to be given it, are questions for you, the jury, to determine.

As the State correctly points out in its brief, Defendant failed to raise this as an issue in his motion for a new trial. Therefore, this issue has been waived on the basis of Rule 3(e) of the Tennessee Rules of Appellate Procedure. See State v. Clinton, 754 S.W.2d 100, 103 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1988).

Defendant submits that "considering the challenged instruction in the context of the entire charge and the proof at trial," the trial court's instruction constitutes plain and prejudicial error, and thus should not be waived. Defendant admitted fleeing the scene of the shooting with his brother. Defendant's brother testified that directly after the shooting, he and Defendant fled together, taking the gun with them from the scene. Defendant's brother stated the he went directly to his cousin's house, then to his aunt's house to borrow a car in order to dispose of the murder weapon. Officer Wyatt testified that Defendant was not at the scene after the murder and that they did not find the Defendant that night. The jury was entitled to infer that, in addition to fleeing the scene with his brother, the Defendant went with his brother and concealed himself and the murder weapon that night based upon his brother's testimony. After considering the entire record in the case sub judice, we are satisfied that any error in the trial court's instruction on flight did not involve a substantial right which affected the judgment nor resulted in prejudice to the judicial process. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a). Even if there was insufficient evidence of Defendant's flight and subsequent hiding out, the error was harmless in light of the evidence. This issue is without merit.

LENGTH OF SENTENCE

Defendant argues that the sentence imposed by the trial court is excessive. He contends that the trial court erroneously applied enhancement factors and failed to apply appropriate mitigating factors. Defendant urges this court to modify the sentence, beginning with a presumptive minimum of fifteen (15) years and then enhance and mitigate appropriately.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). There are, however, exceptions to the presumption of correctness. First, the record must demonstrate that the trial court considered the sentencing principles and all relevant facts and circumstances. Id. Second, the presumption does not apply to the legal conclusions reached by the trial court in sentencing. Third, the presumption does not apply when the determinations made by the trial court are predicated upon uncontroverted facts. State v. Smith, 898 S.W.2d 742, 745 (Tenn. Crim. App. 1994), perm. to appeal denied, id. (Tenn. 1995).

Our review of this sentence is de novo, without a presumption of correctness, because the trial court failed to explicitly set forth its reasoning for the sentence imposed and failed to state the relevant findings of fact justifying the enhancement factors and how it determined the weight to which it applied each of the factors. The trial court denied the application of any mitigating factors without providing any reasoning.

A review by this court requires a consideration of : (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Second degree murder is a Class A felony. Tenn. Code Ann. § 39-13-210(b). As a Standard Offender, Defendant was subject to a sentence of not less than fifteen (15) nor more than twenty-five (25) years. Tenn. Code Ann. § 40-35-112(a)(1). As of July 1, 1995, the presumptive sentence for a Class A felony is the midpoint of the applicable sentencing range. State v. Chance, 952 S.W.2d 848, 851 (Tenn. Crim. App. 1997). As Defendant committed the offense on July 22, 1995, the trial court's finding that a twenty (20) year sentence was the presumptive sentence was appropriate. If there are enhancement factors, but no mitigating factors, then the sentence may be set above the presumptive sentence but still within the range; and if there are enhancement and mitigating factors, then the court must start at the presumptive sentence, then enhance as appropriate and reduce as appropriate. Tenn. Code Ann. § 40-35-210(d) and (e).

The trial court applied the following enhancement factors: the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; the Defendant possessed or employed a firearm, explosive device, or other deadly weapon during the commission of the

offense; the Defendant had no hesitation about committing a crime when the risk to human life was high; and the felony was committed while the Defendant was on parole from a prior felony conviction. Tenn. Code Ann. § 40-35-114(1), (9), (10) and (13). Defendant does not contest the use of enhancement factors (1) and (13). During his testimony at the sentencing hearing, Defendant admitted to his being on parole at the time of the offense and admitted to prior felony convictions. Defendant argues that application of enhancement factor (10) is error because the risk to human life is an inherent factor in the crime of murder. The factor pertaining to risk to life may be applied in situations where persons other than the victim are in the area and are subject to injury. State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). Because testimony in the record indicates that Defendant used a weapon in a crowded area where many others in the area in addition to the victim might have been injured, the use of this enhancement factor is justified. Defendant also suggests that the use of enhancement factor (9), that he used a deadly weapon in the commission of the offense, should be given little weight because few murders are committed without the use of a deadly weapon. Because Defendant fails to cite any authority for this argument, this issue is waived. Tenn. Ct. Crim. App. R. 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1988). The trial court's application of enhancement factor (9) was justified.

The Defendant cites several mitigating factors as applicable to his sentencing. First, Defendant argues that he acted under strong provocation due to the circumstances surrounding the shooting. Tenn. Code Ann. § 40-35-113(2). For the same reasoning, Defendant asserts that substantial grounds exist which tend to excuse or justify his criminal conduct, even though they fail to establish a defense and it is unlikely that the motivation for his conduct was a sustained intent to violate

the law.  Tenn. Code Ann. § 40-35-113(3) and (11).  While Defendant testified that he had fallen to the ground in the fight, stood up and fired the gun into the crowd in self defense, other testimony conflicts with that evidence.  Several other witnesses testified that Defendant walked directly towards the victim, who was not involved in the fight at any time, and shot him point blank in the chest.  Medical testimony indicated that the "muzzle of the weapon was up against the skin surface at the time the weapon was fired."  There was more than sufficient evidence for the trial court to have determined that the above mitigating factors did not apply.

Defendant also suggests that because of his youth, he lacked substantial judgment in committing the offense.  Tenn. Code Ann. § 40-35-113(6).  While Defendant was nineteen (19) years of age at the time of this offense, there is no further evidence in the record to indicate that his age alone constitutes a lack of judgment.  There is nothing in the record to indicate the Defendant's age in context of his maturity, experience, mental capacity or development, nor any other pertinent circumstance tending to demonstrate his inability to appreciate the nature of his conduct.  See State v. Carter, 908 S.W.2d 410 (Tenn. Crim. App. 1995) (citations omitted).  Finally, Defendant argues that he expressed remorse for the shooting during both the trial and the sentencing hearing.  While remorse is a proper mitigating factor under Tennessee Code Annotated section 40-35-113(13), the trial court heard the evidence at the sentencing hearing and determined not to apply this mitigating factor.  Upon our de novo review, we agree with the findings of the trial court.

As the presumptive sentence for Defendant was twenty (20) years and four (4) enhancement factors apply, we find the Defendant's sentence of twenty-five (25)

years to be appropriate and not excessive in light of the facts and circumstances of the offense.  We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge


_____
JOHN H. PEAY, Judge